RALSTON–PURINA COMPANY, a corporation, Plaintiff,

v.

LACK INDUSTRIES, INC., a corporation, Ernest E. Lack, individually and doing business as Lack Game Farm, and Adele G. Lack, Defendants.

No. 4–60–Civ.–343.

United States District Court
D. Minnesota,
Fourth Division.

Jan. 4, 1962.

Harold C. Evarts, Minneapolis, Minn., for plaintiff.

William T. Egan, Minneapolis, Minn., for defendants.

DEVITT, Chief Judge.

This is a motion by plaintiff for judgment n. o. v. or a new trial following the jury's special verdicts, and the entry of judgment in the sum of $174,000 on defendants' counterclaim.

Plaintiff sued the defendants on certain promissory notes and other obligations incurred in the purchase of poultry feed. Defendants counterclaimed, alleging misrepresentations by plaintiff causing damages.

Judgment was entered May 17, 1961. These motions were argued on October 9, 1961, and extensive briefs have been filed. A transcript of the proceedings has been available for examination.

I am satisfied that the motion for judgment n. o. v. should be denied because there is some evidence to support the verdict; and that the motion for a new trial should be granted because the verdict is contrary to the clear weight of the evidence, and to permit it to stand would constitute a miscarriage of justice.

In view of the large record and the extensive arguments of counsel, it would be supererogatory to review all of the facts and to discuss the arguments in detail. Suffice it to say that on the whole record the Court is satisfied that there is some evidence, more than a scintilla, to support the verdict, and hence the Court is without authority to grant judgment n. o. v.; also on the whole record the evidence in support of the verdict is not persuasive and is contrary to the clear weight of the evidence. To permit it to stand would be unjust. Barron & Holtzoff, Fed. Pract. & Procedure, Sec. 1302 et seq. Main Vol. and 1960 pocket part, and cases therein cited; Altrichter v. Shell Oil Co., 8 Cir., 263 F.2d 377, 380, head notes 2–4; Aetna Casualty & Surety Co. v. Yeatts, C.C.A. 4th, 1943, 122 F.2d 350.

In short explanation, the Court states its view of the evidence shows that this was just a risky business deal that turned out badly for all concerned. The plaintiff may well have been overzealous and enthusiastic in touting its wares, but evidence that there was intentional misrepresentation is minimal, if present at all; and evidence of negligent misrepresentation, non-disclosure, and concealment, such as it was, was not of compelling force. The Court's impression of the evidence was expressed in its observations following the argument on the motions when it said to counsel for the defendant: "I just had no idea in the world you were going to get a verdict," and "* * * I had the impression myself that Lack was in a business deal and he lost. That's all. I wasn't impressed that the evidence showed this fiduciary relationship or great obligation of Ralston to nurture him along. He was an experienced business operator."

The Court appreciates that denying the motion for judgment n. o. v. and granting a motion for a new trial is not the ideal solution for either party, does not finally solve the issue presented, and necessitates another trial; and that the better disposition would be to either let the judgment stand. or to grant judgment n. o. v., but I would be unjust to do the former and without authority to do the latter.

The motion for judgment n. o. v. is denied, and the motion for a new trial is granted.